UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RLP-VERVAIN COURT, LLC a Nevada series limited liability company of the container RED LIZARD PRODUCTIONS, LLC under NRS § 86.296,<br><br>        Plaintiff/Appellant,<br><br>     vs.<br><br>DHI MORTGAGE COMPANY, LTD., a Texas limited partnership; WELLS FARGO BANK, N.A., a national association; FORT APACHE SQUARE HOMEOWNERS ASSOCIATION, a Nevada domestic non-profit corporation; MTC FINANCIAL INC., a California corporation; REPUBLIC SILVER STATE DISPOSAL, INC., a Nevada corporation; JOSEPH A. NEWELL, an individual; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>        Defendants/Respondents. | Case No.: 2:13-cv-01517-GMN-CWH<br><br>**ORDER** |

     Before the Court is the question of whether to stay this action pending certification of questions to the Nevada Supreme Court. The Court conducted a hearing on March 14, 2014, and issued a bench ruling in the affirmative. (ECF No. 29.) Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.    BACKGROUND**

     The property at issue in this case is located at 9253 Vervain Court, Las Vegas, NV 89149, APN #125-18-514-056 (the "Property"). (Sale Deed, Ex. A to Motion to Dismiss, ECF No. 12-1.) On April 23, 2007, Joseph A. Newell purchased the property by obtaining a loan from DHI Mortgage Company, LTD ("DHI"), which he secured with a Deed of Trust[1] encumbering the Property. (Deed of Trust, Ex. B to Motion to Dismiss, ECF No. 12-2.) The Deed of Trust

---

[1] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20070427-0004009. (Deed of Trust, Ex. B to Motion to Dismiss, ECF No. 12-2.)

identified Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and nominee for DHI. (*Id.*) On March 9, 2012, MERS assigned the beneficial interest in the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo") via an Assignment of Mortgage,[2] which was recorded on March 9, 2012. (Assignment of Mort., Ex. C to Motion to Dismiss, ECF No. 12-3.)

The Property is subject to a set of CC&Rs[3] recorded by Fort Apache Square Homeowners Association (the "HOA"). (Declaration of CC&Rs, Ex. K to Motion to Dismiss, ECF No. 12-11.) Mr. Newell defaulted on his HOA dues under the CC&Rs, and on November 14, 2011, Alessi & Koenig, LLC ("A&K"), as agent for the HOA, recorded a Notice of Delinquent Assessment Lien.[4] (Notice of Delinquent Assessment Lien, Ex. G to Motion to Dismiss, ECF No. 12-7.)

On May 4, 2012, A&K, as agent for the HOA, recorded a Notice of Default and Election to Sell under Homeowners Association Lien.[5] (Notice of Default and Election to Sell under Homeowners Association Lien, Ex. H to Motion to Dismiss, ECF No. 12-8.)

On July 5, 2012, Wells Fargo executed a Substitution of Trustee,[6] substituting MTC Financial Inc. dba Trustee Corp ("MTC") as the foreclosure trustee under the Deed of Trust. (Substitution of Trustee, Ex. D to Motion to Dismiss, ECF No. 12-4.)  Thereafter, on September 27, 2012, MTC, as agent for Wells Fargo, recorded a Notice of Breach and Default and Election to Cause Sale of Real Property under Deed Trust.[7] (Notice of Breach and Default, Ex. E to

---

[2] The Assignment of Mortgage was recorded in Clark County as Book and Instrument No. 20120309-0000745. (Assignment of Mort., Ex. C to Motion to Dismiss, ECF No. 12-3.)
[3] The Declaration of CC&Rs was recorded in Clark County as Book and Instrument No. 20050804-0004192. (Declaration of CC&Rs, Ex. K to Motion to Dismiss, ECF No. 12-11.)
[4] The Notice of Delinquent Assessment Lien was recorded in Clark County as Book and Instrument No. 20111114-0001592. (Notice of Delinquent Assessment Lien, Ex. G to Motion to Dismiss, ECF No. 12-7.)
[5] The Notice of Default and Election to Sell under Homeowners Association Lien was recorded in Clark County as Book and Instrument No. 20120504-0000814. (Notice of Default and Election to Sell under Homeowners Association Lien, Ex. H to Motion to Dismiss, ECF No. 12-8.)
[6] The Substitution of Trustee was recorded in Clark County as Book and Instrument No. 20120706-0003194. (Substitution of Trustee, Ex. D to Motion to Dismiss, ECF No. 12-4.)
[7] The Notice of Breach and Default and Election to Cause Sale of Real Property under Deed Trust was recorded in Clark County as Book and Instrument No. 20120927-0002938. (Notice of Breach and Default, Ex. E to Motion to Dismiss, ECF No. 12-5.)

Motion to Dismiss, ECF No. 12-5.)  No foreclosure sale was thereafter conducted by Wells Fargo. (Motion to Dismiss 3:5-12, ECF No. 12.)

On November 5, 2012, A&K, as agent for the HOA, recorded a Notice of Trustee Sale,[8] setting a sale date for the Property on December 5, 2012. (Notice of Trustee Sale, Ex. I to Motion to Dismiss, ECF No. 12-9.)  The HOA then sold the Property to Red Lizard Productions, LLC ("Red Lizard") at the December 5, 2012 foreclosure sale for $5,300, recording the Trustee's Deed[9] on December 7, 2012. (Trustee's Deed, Ex. J to Motion to Dismiss, ECF No. 12-10.)  Red Lizard subsequently transferred its interest in the Property to RLP-Vervain Court, LLC ("RLP-Vervain") via a Grant, Bargain, Sale Deed[10] recorded on March 7, 2013. (Grant, Bargain, Sale Deed, Ex. 7 to Notice of Removal, ECF No. 1-5.)

On April 10, 2013, RLP-Vervain filed its Complaint in Nevada state court, seeking injunctive relief and quiet title against six defendants.[11] (Complaint, Ex. B to Notice of Removal, ECF No. 1-2.)  RLP-Vervain asserts that the foreclosure sale at which it purchased the property "extinguishes the title owner's interest in the Property and all junior liens and encumbrances, including [Wells Fargo's] deed[] of trust." (*Id.* at ¶ 41.)

On August 22, 2013, MTC filed its Notice of Removal (ECF No. 1), and on September 5, 2013, Wells Fargo filed its Motion to Dismiss and Motion to Expunge Lis Pendens (ECF Nos. 12, 13), arguing that the HOA's foreclosure did not extinguish the Deed of Trust because the HOA's CC&Rs "expressly subordinate the HOA's assessment lien to Wells Fargo's deed of

---

[8] The Notice of Trustee Sale was recorded in Clark County as Book and Instrument No. 20121105-0001188. (Notice of Trustee Sale, Ex. I to Motion to Dismiss, ECF No. 12-9.)

[9] The Trustee's Deed was recorded in Clark County as Book and Instrument No. 20121207-0001508. (Trustee's Deed, Ex. J to Motion to Dismiss, ECF No. 12-10.)

[10] The Grant, Bargain, Sale Deed was recorded in Clark County as Book and Instrument No. 20130307-0002075. (Grant, Bargain, Sale Deed, Ex. 7 to Notice of Removal, ECF No. 1-5.)

[11] The Complaint names Mr. Newell, Wells Fargo, the HOA, MTC, DHI, and Republic Silver State Disposal, Inc. ("Republic") as defendants. Only Wells Fargo and MTC appear to have received service, and MTC has been dismissed from this case by Plaintiff via oral motion on March 14, 2014. (ECF No. 29.)  Republic holds a service lien on the property, but pursuant to Nev. Rev. Stat. Ann. § 444.520(3), such liens are not extinguished by the foreclosure of other liens.

trust" and because under Nev. R. Stat. 116.3116, "an HOA super priority lien cannot eliminate a senior deed of trust." (Motion to Dismiss 5:4-5, 8:3-6, ECF No. 12.)  RLP-Vervain filed its Response to Wells Fargo's Motion to Dismiss and Motion to Expunge (ECF No. 18) on September 27, and Wells Fargo filed its Replies on October 7, 2013. (ECF Nos. 20-21.)

The primary issue in dispute is whether Wells Fargo's interest under the Deed of Trust was extinguished by the foreclosure sale conducted pursuant to Chapter 116 of Nevada Revised Statutes.  In preparation for the March 14, 2014 hearing, the parties filed a Joint Stipulation (ECF No. 28) proposing the certification of the following two questions:

> Whether the prioritization of liens pursuant to NEV. REV. STAT. § 116.3116(2) may have the effect of extinguishing the beneficial interest in a prior-recorded first deed of trust secured by the unit, where an Association forecloses its delinquent assessments lien by sale pursuant to NEV. REV. STAT. § 116.31162.
>
> If an Association foreclosure of a delinquent assessment lien may extinguish the beneficial interest in a prior-recorded first deed of trust, whether an Association may validly subordinate its assessment lien entirely to the interest of a first deed of trust by including a mortgagee protection or subordination clause in its declaration of Covenants, Codes and Restrictions.

## II.   LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.**  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and

as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

**(b) Method of Invoking.** This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.

**(c) Contents of Certification Order.** A certification order shall set forth:
 (1) The questions of law to be answered;
 (2) A statement of all facts relevant to the questions certified;
 (3) The nature of the controversy in which the questions arose;
 (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
 (5) The names and addresses of counsel for the appellant and respondent; and
 (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III.   DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat.

§ 116.3116(2)(b). However, under the so-called "super-priority" provision, the lien is prior to this security interest "to the extent of" charges under § 116.310312[12] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162. In 2013, the Nevada Legislature added a new provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013", and provides:

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and

---

[12] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien. If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien. This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added). The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009. *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

    (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.

As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

    Here, because RLP-Vervain contends that Wells Fargo's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162. Additionally, because the HOA's Declaration of Covenants, Codes and Restrictions contains a clause purporting to subordinate the entirety of the HOA's lien to the Deed of Trust, that clause may have the effect of preventing the extinguishing of Wells Fargo's secured interest. (See CC&R Ex. K to Motion to Dismiss, ECF No. 12-11.) The Court finds that the Nevada Supreme Court has not directly addressed these questions and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court. As these issues concerning the interpretation and application Chapter 116 of Nevada Revised Statutes is common to many other cases pending before this Court, the Court has revised the questions proposed by the parties to make them more generally applicable to the issues. Accordingly, as discussed at the hearing, the Court will certify the following questions of law:

    Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

    If an association foreclosure of a delinquent assessment lien may extinguish the interest of a holder of a first security interest under a deed of trust secured by the unit, whether an association may validly subordinate its assessment lien entirely to

the interest of a first security interest by including a mortgagee protection or subordination clause in its declaration of Covenants, Codes and Restrictions.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the following questions of law are **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.
>
> If an association foreclosure of a delinquent assessment lien may extinguish the interest of a holder of a first security interest under a deed of trust secured by the unit, whether an association may validly subordinate its assessment lien entirely to the interest of a first security interest by including a mortgagee protection or subordination clause in its declaration of Covenants, Codes and Restrictions.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). RLP-Vervain is designated as the Appellant, and Wells Fargo is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

| **Appellant/Plaintiff RLP-Vervain** | **Respondents/Wells Fargo** |
|---|---|
| John Charles Coons<br>Nevada Bar No. 10553<br>Charles@Coopercoons.com<br><br>Cooper Coons, Ltd.<br>10655 Park Run Drive<br>Suite 130<br>Las Vegas, NV 89144<br>702-998-1500 | Allison R. Schmidt<br>Nevada Bar No. 10743<br>Email: Allison.schmidt@akerman.com<br><br>Christina S. Bhirud<br>Nevada Bar No. 11462<br>Email: Christina.bhirud@akerman.com<br><br>Akerman LLP<br>1160 Town Center Dr.<br>Suite 330<br>Las Vegas, NV 89144<br>(702) 634-5000<br>Fax: (702) 380-8572 |

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order. *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Questions to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, upon oral motion of the Plaintiff, Defendant MTC Financial Inc. is dismissed with prejudice, each party to bear its own costs.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from RLP-Vervain affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge