1

2

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

3

4   RLP-VERVAIN COURT, LLC, a Nevada        )
    series limited liability company of the    )
5   container RED LIZARD PRODUCTIONS,     )        Case No.: 2:13-cv-01517-GMN-CWH
    LLC under NRS § 86.296,                         )
6                                                              )          **ORDER**
                      Plaintiff,                           )
7            vs.                                             )
                                                              )
8   DHI MORTGAGE COMPANY, LTD., a     )
    Texas limited partnership; WELLS FARGO )
9   BANK, N.A., a national association; FORT  )
    APACHE SQUARE HOMEOWNERS          )
10  ASSOCIATION, a Nevada domestic non-   )
    profit corporation; MTC FINANCIAL INC., a )
11  California corporation; REPUBLIC SILVER  )
    STATE DISPOSAL, INC., a Nevada           )
12  corporation; JOSEPH A. NEWELL, an        )
    individual; DOES I through X; and ROE     )
13  CORPORATIONS I through X, inclusive      )
                                                              )
14                                                            )
                      Defendants.                       )
15  _____)

16

17          Pending before the Court is a civil action for quiet title and injunctive relief filed by

18  Plaintiff RLP–Vervain Court, LLC ("Plaintiff") against Defendants DHI Mortgage Company,

19  Ltd., Wells Fargo Bank, N.A. ("Wells Fargo"), Fort Apache Square Homeowners Association

20  ("HOA"), MTC Financial Inc. ("MTC"), Republic Silver State Disposal, Inc. ("Silver State"),

21  and Joseph A. Newell ("Newell"). (Compl., ECF No. 1–1).  Plaintiff filed a Motion to Remand.

22  (ECF No. 46). Wells Fargo filed a Response in Opposition (ECF No. 51) to which Plaintiff

23  filed a Reply. (ECF No. 52).  Plaintiff subsequently filed a Request for Decision or Hearing on

24  the Motion to Remand (ECF No. 53).

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## I.  BACKGROUND

Plaintiff bought real property located at 9253 Vervain Court, Las Vegas, NV 89149 ("the Property") in an HOA foreclosure sale. (Compl. ¶¶ 3, 13, ECF No. 1–1).  Plaintiff then brought suit in Nevada State Court seeking quiet title of the Property and injunctive relief. (Compl. ¶¶ 1, 47, ECF No. 1–1).  Defendant MTC removed the case to federal court. (Pet. for Removal 2:1–5, ECF No. 1).  Plaintiff filed the instant Motion to Remand (ECF No. 46) arguing that the amount in controversy is not sufficient to establish federal jurisdiction and that Defendants HOA, Silver State, and Newell are non-diverse parties that destroy federal jurisdiction.  The Court disagrees.

## II.  LEGAL STANDARD

If a plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  For the Court to have jurisdiction under 28 U.S.C. § 1332, complete diversity of citizenship is required among the parties, and each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The removing defendant always has the burden of establishing that removal is proper. *Id.*  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### III.  <u>DISCUSSION</u>

#### A. Amount in Controversy

Plaintiff argues that the amount in controversy does not exceed the required $75,000 jurisdictional amount, or at least that Defendants did not provide sufficient evidence showing that the jurisdictional amount it met. (Mot. to Remand 3:20–4:14, ECF No. 46; Reply in Supp. of Mot. to Remand 5:1–5, ECF No. 52).  When a defendant removes an action to federal court, the defendant's statement of the amount in controversy is generally accepted. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  However, if the amount in controversy is contested by the plaintiff or questioned by the court, both parties will submit proof, and the court will decide whether the amount exceeds the $75,000 jurisdictional threshold by a preponderance of the evidence. *Id.* at 553–54 (internal citations and quotations omitted).  "'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  Where the object of the litigation is real property involved in a quiet title action, the assessment value is an appropriate measure of the property's value. *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (finding the district court properly determined the amount in controversy by considering the property's assessment value).

Here, because Plaintiff contests Wells Fargo's assertion of the amount in controversy, the Court will look to the submitted evidence as to the assessment value of the Property.  Wells Fargo submitted evidence that the Property was valued at $94,606 around the time of removal by the Clark County Assessor. (Habdas Aff., Ex. G–2 to Resp. to Mot. to Remand, ECF No. 51–7).  Plaintiff counters that the best evidence for the valuation of the Property is the full cash value, which would be the Property's cash sale price of $5,300 at the time of the HOA

foreclosure. (Reply in Supp. of Mot. to Remand 5:1–5, ECF No. 52).  However, the Court finds that it "strains credulity" to suggest that the value of the property is or was merely $5,300 "even assuming diminution in value following the real estate market collapse." *See Wilder v. Bank of Am., N.A.*, No. CV 14-00670 MMM CWX, 2014 WL 6896116, at *5 (C.D. Cal. Dec. 5, 2014) (using both the value of the property and the value of the mortgage loan to determine the amount in controversy where the plaintiff was the foreclosed upon homeowner).  The large difference between the assessed value of the Property and the foreclosure price was likely the result of uncertainty about the interpretation of Nevada Revised Statute § 116.3116, and consequently, whether clear title was transferred at the sale, not the result of a steep loss in the Property's value. *See Washington & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-CV-01845-GMN, 2014 WL 4798565, at *3 (D. Nev. Sept. 25, 2014) (explaining the history of HOA foreclosures on super-priority liens under NRS § 116.3116 and the confusion regarding whether those foreclosures extinguished a first deed of trust on the property, which was eventually resolved in the affirmative by the Supreme Court of Nevada in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (2014)).  Accordingly, the assessed value of the Property is significantly stronger evidence of the amount in controversy, and the Court finds by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional threshold.

### B. Diversity of Citizenship

Plaintiff, a Nevada citizen, alleges that three of the defendants—HOA, Silver State, and Newell—are also citizens of Nevada and therefore destroy the complete diversity requirement for federal jurisdiction. (*See* Compl. 2, Ex. A to Pet. for Removal, ECF No. 1–1; 2/27/14 Show Cause Hr'g Tr. 4:3–5, ECF No. 44; Mot. to Remand 4:19–20, 5:11, ECF No. 46).  To establish diversity jurisdiction, each and every plaintiff must be a citizen of a different state than each and every defendant. *Morris*, 236 F.3d at 1067.  However, "[j]oinder of a non-diverse

defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Regarding Newell, Plaintiff has already stipulated to the fact that Newell is a resident of California and represented that he was a resident of California at the time of removal in two separate hearings. (2/27/14 Show Cause Hr'g Tr. 6:6–7, 8:25–9:1, ECF No. 44; 3/14/14 Show Cause Hr'g Tr. 9:1–9, ECF No. 45).  Facts stipulated into the record are binding and conclusive formal concessions that have the effect of "withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 561 U.S. 661, 676–78 (2010).  Plaintiff may not retreat from his stipulation and bring Newell's citizenship back into contention.  More importantly however, the evidence in the record also supports a finding that Newell is a citizen of California. (Grant, Bargain, Deed of Sale, Ex. C to Resp. to Mot. to Remand, ECF No. 51–3) (showing a California address for Newell); (Decl. of Value, Ex. C to Resp. to Mot. to Remand, ECF No. 51–3) (same); (Second Home Rider, Ex. D to Resp. to Mot. to Remand, ECF No. 51– 4) (showing the Property would be used as Newell's second home).  Thus, the Court concludes that Newell is a resident and citizen of California who does not destroy diversity.

Furthermore, Nevada Revised Statute § 40.010, which allows for quiet title actions, states: "An action may be brought by any person *against another who claims an estate or interest in real property*, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010 (emphasis added).  Because all three of the allegedly fraudulently joined defendants—HOA, Silver State, and Newell—have not asserted an interest against Plaintiff's claim to the Property, they are not proper parties to Plaintiff's quiet title action here.

Likewise, under Nevada Revised Statute § 30.130, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." HOA foreclosed on the Property and satisfied the underlying debt. (Trustee's Deed Upon Sale, Ex. E–1 to Mot. for Prelim. Inj. at 17, ECF No. 1). Therefore, its interest in the Property was extinguished. *Callahan v. First Commercial Title, Inc.*, 95 Nev. 441, 442 (1979). Similarly, Newell's interest in the Property was extinguished when the HOA foreclosed on him; therefore, he also has no interest that would be affected by this proceeding. *See* Nev. Rev. Stat. § 107.080(5). Finally, this Court has already found that Silver State's interest would not be affected by declaratory relief, so it has no stake in this case. (Order 3:12 n.11, ECF No. 30). Accordingly, all three of these defendants are unnecessary parties to this case, and the Court finds that the aforementioned defendants are fraudulently joined and do not destroy complete diversity. Therefore, as both the amount in controversy and diversity requirements are satisfied, the Court has jurisdiction over this case.

## IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting a Decision or Hearing on the Motion to Remand (ECF No. 53) is **DENIED** as moot.

**DATED** this ___13___ day of October, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge